UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MERVIN GALE RHODES,

        Plaintiff,

v.                          Case No. 3:20-cv-607-J-32MCR

MARK INCH, et al.,

        Defendants.

**ORDER OF DISMISSAL WITHOUT PREJUDICE**

    Plaintiff, an inmate of the Florida penal system, filed a pro se Complaint for Violation of Civil Rights. Doc. 1. He names as Defendants: Secretary Mark Inch, Governor Ron DeSantis, Attorney General Ashley Moody, President Donald J. Trump, Lt. Tremble, James Walker, Duty Warden Lancaster, and Duty Warden Parrish. Id. at 1.

    Plaintiff states that all Defendants are being deliberately indifferent to his health and safety in violation of the Fifth, Eighth, and Fourteenth Amendments. Id. at 8. He is "scared to death of contracting the [C]oronavirus as he is 47 – soon to be 48 years old, African American, and thus[,] at a higher risk of dying if he contracts" the illness. Id. at 6. He also alleges that he has a family history of diabetes, heart disease, and respiratory ailments. Id. Because of his alleged vulnerabilities, he sent an "Emergency Petition for Immediate

Release" to Defendants DeSantis, Moody, and Trump, but they have not responded. Id. Plaintiff further asserts that despite his fear of the virus, he "has been 'forced' to clean and handle COVID-19 exposed food carts and equipment"; and is now refusing to work. Id. According to Plaintiff, after he refused to do his job, he was placed in administrative confinement for eleven days and had thirty days of gain time revoked. Id. at 5. He also argues that he was moved from the Hamilton Correctional Institution's work camp to the main unit, where he has an increased risk of exposure to the virus. Id. at 6. He claims that he is an "innocent man" and his "life . . . substantially outweighs Defendants['] need to continue[ ] [his] incarceration." Id. at 8. As relief, he requests a "preliminary injunction and/or $1,000,000,000,000 in compensatory damages and an unspecified amount of punitive damages." Id. at 9. He also seeks an expedited disposition of his pending 28 U.S.C. § 2254 proceedings. Id.

The Court does not have the authority to grant Plaintiff compassionate release as he is serving a Florida state criminal sentence. See generally Ch. 947, Laws of Fla. (placing the authority for conditional release with the Florida Commission on Offender Review). Also, to the extent Plaintiff is attempting to challenge the loss of gain time, that argument should be raised in at § 2241 habeas proceeding. To the extent Plaintiff asserts that the conditions of his confinement are unconstitutional, he may initiate a separate civil rights action.

2

The Court has approved the use of a form for § 2241 actions and § 1983 actions. Plaintiff will be provided with copies of these forms. To the extent Plaintiff is seeking to expedite the Court's ruling in his pending § 2254 action, he should file an appropriate motion in that case.[1]

As to Plaintiff's request for injunctive relief, the Court is of the opinion that injunctive relief is not warranted.

> A preliminary injunction is an "extraordinary and drastic remedy." McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (quoting All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). To secure an injunction, a party must prove four elements: (1) a substantial likelihood of success on the merits; (2) irreparable injury absent an injunction; (3) the injury outweighs whatever damage an injunction may cause the opposing party; and (4) an injunction is not adverse to the public interest. Id.

Citizens for Police Accountability Political Comm. v. Browning, 572 F.3d 1213, 1217 (11th Cir. 2009); Keister v. Bell, 879 F.3d 1282, 1287-88 (11th Cir. 2018). The movant must clearly establish the burden of persuasion as to the four requisites. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). Plaintiff has failed to carry his burden. This case will be dismissed without prejudice to Plaintiff's right to initiate a new § 2241 and/or § 1983 case

---

[1] Plaintiff's § 2254 federal habeas petition is currently pending in Rhodes v. Sec'y, Fla. Dep't of Corr., 3:20-cv-19-J-34MCR (M.D. Fla).

3

on the appropriate form, if he so chooses.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3. The **Clerk** shall send Petitioner a civil rights complaint form, a form for use in § 2241 cases, and two affidavit-of-indigency forms.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of July, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

Jax-7

c: Mervin Rhodes, #295730